IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Arcy E. Crute<br>*Debtor* | CHAPTER 13 |
| U.S. Bank National Association (Trustee for the Pennsylvania Housing Finance Agency)<br>*Movant*<br>vs. | NO. 16-16197 JKF |
| Arcy E. Crute<br>*Debtor*<br><br>Frederick L. Reigle<br>*Trustee* | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,203.40**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | April 2017 through October 2017 at $340.00/month<br>October 2017 through December 2017 at $910.00/month |
| Less Suspense Balance: | $38.00 |
| Late Charges: | March 2017 through December 2017 at $10.04/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$6,203.40** |

2. The Debtor shall cure the aforesaid arrearage in the following manner:

   a). Debtor shall modify the Chapter 13 plan to provide for payment of the post-petition arrears of **$6,203.40** through the Plan in addition to the pre-petition arrears for which the plan already provides; within seven (7) days of the Court Order approving of and/or granting this stipulation, Debtor shall file any motion(s) and other paper(s) necessary to accomplish said plan modification;

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$6,203.40** along with the pre-petition arrears;

   c). The 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due January 1, 2018 and continuing thereafter, Debtor shall maintain, and pay when due, the regular contractual post-petition monthly mortgage payment of

$910.00 (or as adjusted under the terms of the mortgage), which payment is due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders) but not credited, Movant shall adjust the account accordingly.

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay as to the mortgaged property, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed order filed by Movant with its instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or any of its successors or assignees, should the claim be assigned or transferred.)

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents and related agreements, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 9, 2018

By: /s/ Kevin G. McDonald, Esquire
Kevin G McDonald, Esquire
KML Law Group, P.C.
Attorneys for Movant

Date: 1/9/18

Brad J. Sadek, Esquire
Attorney for Debtor

Case No. 16-16197 JKF                Stipulation                Page 3 of 3

Date: _____1/16/18_____

*[signature: Frederick L. Reigle]*
William C. Miller
Chapter 13 Trustee

Approved and SO ORDERED by the Court this **19th** day of ____**January**, **2018**____.
However, the court retains discretion regarding entry of any further order.

*[signature]*
Bankruptcy Judge
Jean K. Fitzsimon